

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
PARTNER
(516) 357-3337
michael.vanunu@rivkin.com

October 21, 2022

**VIA ECF**
Honorable Judge Marcia M. Henry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Government Employees Ins. Company, et al. v. Stybel, et al.*
               Case No. 1:22-cv-02834-PKC-MMH
               RR File No.:  005100-03539

Dear Judge Henry:

We write on behalf of Plaintiffs in this matter pursuant to Local Rule 37.3 and Section V.B.1. of Your Honor's Individual Practices.  Plaintiffs respectfully submit this letter requesting an Order compelling non-party Gabriel & Moroff, P.C. ("G&M") to comply with the properly-served subpoena *duces tecum*, dated August 3, 2022 (the "Subpoena").  A copy of the Subpoena is annexed hereto as Exhibit "1" and a copy of the corresponding affidavit of service is annexed hereto as Exhibit "2".

The Subpoena seeks non-privileged documents regarding G&M's financial involvement with Defendants Elena Borisovna Stybel, D.O. ("Stybel") and Elena Borisovna Stybel, M.D. (A Sole Proprietorship) (the "Stybel Practice")(collectively, the "Defendants"). The request for documents were narrowly tailored to secure non-privileged documents that are highly relevant to determine who was paid and profited from the fraudulent scheme committed against GEICO and involving millions of dollars in charges for services that falsely represented that they were performed by the Defendants. The pending motion to compel has become necessary because – and as discussed in further detail below – although G&M has withdrawn its previous non-meritorious objections and advised over one month ago that it would comply with the Subpoena, no records have been produced. Prior to filing this letter, we wrote to G&M demanding that they produce the records by October 14, 2022. During a telephone conference between the undersigned and G&M attorney Joseph Padrucco, Esq. ("Padrucco"), Padrucco acknowledged receipt of our letter demanding production, and that G&M would produce the records by the deadline. However, no response has been provided.

By way of background, this case stems from a massive No-Fault insurance fraud scheme committed by Stybel and the John Doe Defendants, who used the Stybel Practice to submit more than $2.5 million in billing for the performance of medically useless extracorporeal shockwave therapy (the "Fraudulent Services") during a period of less than three months between July 1, 2021 to September 25, 2021. The charges to GEICO fraudulently – and impossibly – claimed that during the three-month period, Stybel herself treated more than 660 different GEICO Insureds more than 1,300 different times at 35 separate locations, despite public records indicating Stybel was operating a family medical

practice in Suffolk County during the same time-period. This only accounts for a fraction of the Fraudulent Services Stybel purported to perform on individuals insured by all automobile insurers during the same time-period. On certain days, Stybel allegedly performed Fraudulent Services at ten or more separate locations in multiple counties in the New York Metropolitan area. The Complaint provides a detailed accounting of the fraudulent treatment and billing protocol, the impossibility of the Fraudulent Services, as well as the Defendants' unlawful referral schemes. For these charges, the Defendants obtained more than $1.4 million in payments from GEICO. See Docket No. 1, passim.

Defendants used G&M and other billing and collection law firms as part of the fraudulent scheme described in the Complaint. Here, G&M's involvement with the Defendants included: (i) purporting to represent the Defendants and submit bills for the Fraudulent Services to GEICO; (ii) providing and/or arranging for the funding of the fraudulent bills submitted by G&M on behalf of the Defendants; (iii) pursuing payment and collection from GEICO on the bills for the Fraudulent Services; and (iv) depositing the payments made by insurance companies on the fraudulent claims into their IOLA account, and then distributing the funds to unidentified others that profited from the fraudulent scheme against GEICO. See Docket No. 1, ¶¶ 8-11, 56-58.

Pursuant to Fed. R. Civ. P. 45, a subpoena issued to a non-party is subject to the relevancy requirements of Fed. R. Civ. P. 26(b)(1). See Ford Motor Credit Co. v. Meehan, 2008 U.S. Dist. LEXIS 53192, *12 (E.D.N.Y. July 11, 2008). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Jalayer v. Stigliano, 2016 U.S. Dist. LEXIS 135288 at *2 (E.D.N.Y. Sept. 29, 2016). The Subpoena specifically sought five categories of non-privileged documents from G&M that relate directly to the Defendants and is temporally limited to the same time-period as the fraud identified in the Complaint. The categories of documents include:

(i) Documents relating to account receivable, funding, loan, or line of credits for the Defendants;

(ii) Documents related to receipt and distribution of payments from insurance companies to the Defendants;

(iii) Documents between G&M and third-parties (except for the Defendants) regarding the Defendants or the bills for the Fraudulent Services;

(iv) Documents between the Defendants and third-parties regarding the bills for the Fraudulent Services; and

(v) Written or electronic communications between Gabriel and third-parties (except for the Defendants) that relate to the Defendants or the bills for the Fraudulent Services.

The requested documents are highly relevant to identifying the John Doe Defendants who controlled, profited, and worked with the Defendants in creating and implementing the fraudulent scheme. In addition, G&M's dealings with the Defendants, and others related to the Defendants, were extensive

Hon. Marcia M. Henry, USMJ
October 21, 2022
Page 3

---

and essential for the success of the fraudulent scheme described in the Complaint, which renders these documents extremely relevant. Additionally, the Subpoena does not seek any documents or communications that arguably fall within the attorney-client privilege, as the requests seek documents that involve underlying facts – not communications for the purposes of providing legal advice – which are not privileged. See Edebali v. Bankers Standard Ins. Co., 2017 U.S. Dist. LEXIS 110665, at * 11 (E.D.N.Y. July 17, 2017). Notably, the Defendants, who purport to hold the attorney-client privilege, have not moved to quash or otherwise object to the documents sought through the Subpoena.

Plaintiffs' counsel attempted to communicate with Padrucco at the end of August 2022 to discuss G&M's letter stating that they would not comply with the Subpoena. However, Padrucco never returned our call. Subsequently, Plaintiffs' counsel communicated with Jason Moroff, Esq. ("Moroff") of G&M on September 1, 2022, to discuss G&M's refusal to respond to the Subpoena and other substantially similar subpoenas issued to G&M in virtually identical cases. During that discussion, Moroff agreed to withdraw all objections and comply with the Subpoena, and the other similar subpoenas. Despite this agreement, G&M has not provided any documents in response to the Subpoena. By letter dated October 6, 2022, GEICO again attempted to secure G&M's compliance with the Subpoena. See Exhibit "3". On October 7, 2022, the undersigned spoke with Padrucco, and Padrucco indicated G&M will be responding to the Subpoena. However, G&M has not provided any response to the Subpoena. Despite, Plaintiffs' counsel's good faith attempt to resolve the discovery dispute without the Court's intervention, G&M continues to withhold the documents that it is required to produce.

Notably, in a highly analogous no-fault insurance fraud action, after G&M failed to produce documents in response to a virtually identical subpoena, the Honorable Judge Roanne L. Mann granted GEICO's motion to compel and directed G&M to comply with the subpoena within six days after the Court's decision. See Gov't Emples. Ins. Co., et al. v. Kalitenko, et al., 22-cv-03804-ARR-RLM, Docket Order dtd. Oct. 12, 2022.

In short, the records requested from G&M reflecting their involvement with the Defendants, receipt and payment of the insurance proceeds and control over the distribution of those payments (all of which were a byproduct of the fraudulent scheme) are manifestly relevant to this action. Therefore, Plaintiffs respectfully request that the Court compel G&M to produce the documentation requested in the Subpoena. See, e.g., Gov't Employees Ins. Co. v. Mayzenberg, No. 17-cv-2802 (ILG)(LB), 2018 WL 10517074 (E.D.N.Y. June 29, 2018) (in highly-analogous no-fault insurance fraud action, permitting discovery of documents from third party where plaintiff-insurer demonstrated financial connections between third party and defendants); Allied Irish Banks v. Bank of America, N.A., 240 F.R.D. 96, 104 (S.D.N.Y. 2007) (granting motion to compel production of documents from law firm as the requests did not fall within attorney-client or work product privileges); Ratliff v. Davis Polk & Wardell, 354 F.3d 165, 170-171 (2d Cir. 2003) ("Documents obtain no special protection because they are housed in a law firm; any other rule would permit a person to prevent disclosure of any of his papers by the simple expedient of keeping them in the possession of his attorney")(internal quotations omitted).

We thank the Court for its attention to this matter.

Hon. Marcia M. Henry, USMJ
October 21, 2022
Page 4

                                                        Respectfully submitted,

                                                        RIVKIN RADLER LLP

                                                        */s/ Michael Vanunu*

                                                        Michael Vanunu

cc:      All counsel via ECF