# EXHIBIT "3"



WWW.RIVKINRADLER.COM

**GARIN SCOLLAN**
(516) 357-3372
garin.scollan@rivkin.com

October 6, 2022

**VIA EMAIL & REGULAR MAIL**
Law Offices of Gabriel & Shapiro LLC
Law Offices of Gabriel & Moroff, P.C.
2 Lincoln Avenue, Suite 400
Rockville Centre, New York 11570
Jmoroff@gabrielmoroff.com

Re:   *Government Employees Ins. Company, et al. v. Stybel, et al.*
   Case No. 1:22-cv-02834-PKC-MMH
   RR File No.:  005100-03539

Counselors:

As you know, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. in connection with the above-referenced litigation.  Plaintiffs have reviewed your August 24, 2022 objection letter to Plaintiffs' properly served subpoena *duces tecum* on Gabriel & Moroff, P.C. ("G&M") dated August 3, 2022 (the "Subpoena").  A copy of the Subpoena is annexed to this letter as Exhibit "1".  We called Joseph Padrucco, Esq. to meet and confer on your objections, but he failed to call us back.

At the outset, please be advised that your letter erroneously states that Plaintiffs are seeking documents from 2012 to the present.  The temporal scope of the Subpoena is July 1, 2021 to the present, which is temporally limited to the same time-period as the fraud identified in the Complaint. Additionally, the Subpoena does not seek any documents or communications that arguably fall within the attorney-client privilege, as the requests seek documents that involve underlying facts – not communications for the purposes of providing legal advice – which are not privileged.  See Edebali v. Bankers Standard Ins. Co., 2017 U.S. Dist. LEXIS 110665, at * 11 (E.D.N.Y. July 17, 2017).

Additionally, nothing in the Federal Rules requires a party to conduct party discovery prior to other modes of discovery. See e.g., SFMAIC v. Accurate Med., P.C., 2007 US Dist. LEXIS 75336 at *10-11 (E.D.N.Y. 2007)("[N]othing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas.").

Please be advised that if G&M does not produce a response to the Subpoena **by October 14, 2022**, Plaintiffs' will seek the Court's intervention and move to compel G&M's compliance, similar to the motion to compel recently filed in Gov't Emps. Ins. Co. v. Sergey Kalitenko, M.D., et al.

Should you have any questions, please feel free to contact me at your earliest convenience.



October 6, 2022
Page 2

Plaintiffs reserve all of their rights.  Thank you in advance for your prompt attention to this matter.

                                       Very truly yours,
                                       RIVKIN RADLER LLP

                                       */s/ Michael Vanunu*
                                       Michael Vanunu

Encl.

# EXHIBIT "1"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Government Employees Insurance Company, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Law Offices of Gabriel & Moroff, P.C.
2 Lincoln Avenue, Suite 400, Rockville Centre, New York 11570

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attached Rider "A"

| Place: Rivkin Radler LLP<br>926 RXR Plaza<br>Uniondale, New York 11556 | Date and Time:<br><br>08/25/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/03/2022

*CLERK OF COURT*
OR

_____     /s/ Garin Scollan
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, Government Employees Insurance Company, et al., who issues or requests this subpoena, are:
Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

Time Period: July 1, 2021 to the Present

Persons and Entities at Issue:

1. Elena Borisovna Stybel, M.D. (A Sole Proprietorship), Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship"); and

2. Elena Borisovna Stybel, M.D. ("Stybel").

Definitions:

The term "You" or "Your" means Law Offices of Gabriel & Moroff, P.C. and any of its attorneys, owners, representatives, employees, agents, successors, and assigns.

The term "Persons at Issue" means the Stybel Sole Proprietorship and Stybel.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all electronic mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

The term "related to" means concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

The term "Insurance Payments" means any payments made by an insurance company.

The term "payment" means anything of value.

ITEMS REQUESTED:

For the time period identified above, provide:

1. All documents related to any account receivable, funding, loan, or line of credit provided to any Persons at Issue. This request includes, but is not limited to, (a) written agreements, (b) batch requests, (c) payments (including all checks and/or electronic transfers), (d) payment directives, (e) attorney escrow agreements, and (f) retainer agreements.

2. All documents relating to or reflecting the receipt of and/or distribution of any Insurance Payments related to any of the Persons at Issue. This request includes, but is not limited to, cancelled checks, wire transfers, cash disbursements, IOLA/Trust Account bank statements, and/or account ledgers.

3. All documents between You and (i) any individual and/or entity that provided funding, financing, loan, and/or line of credit to any of the Persons at Issue (the "Funders"), including but not limited to Family Fund Capital LLC (or any individual acting on its behalf); (ii) Yana Mironovich and/or New York Billing and Processing Corp. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (iii) Blue Tech Supplies Inc. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or (iv) are related to or concern the creation and/or submission of any bill to GEICO on behalf of any of the Persons at Issue.

4. All documents in your possession that are between any of the Persons at Issue and (i) the Funders; (ii) Yana Mironovich and/or New York Billing and Processing Corp. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (iii) Blue Tech Supplies Inc. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue and/or (iv) are related to or concern the creation and/or submission of any bill to GEICO on behalf of any of the Persons at Issue.

5. All communications that are related to or concern (i) any of the Persons at Issue, or (ii) any transaction that is the subject of Request Number 2 herein between You and (a) the Funders Yana Mironovich, New York Billing and Processing Corp., and/or Blue Tech Supplies Inc. (or any individual acting on their behalf); (b) that are related to or concern the creation and/or submission of any bill to GEICO on behalf of any of the Persons at Issue; and/or (c) that are related to the distribution of any Insurance Payments by You in relation to any of the Persons at Issue.

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs Government Employees Insurance Co., et al., who issues or requests this subpoena, is: Michael Vanunu, Esq., Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, (516) 357-3337, Michael.vanunu@rivkin.com.

5848047.v1