

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
PARTNER
(516) 357-3337
michael.vanunu@rivkin.com

December 6, 2022

**VIA ECF**
Honorable Judge Marcia M. Henry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Government Employees Ins. Company, et al. v. Stybel, et al.*
            Case No. 1:22-cv-02834-PKC-MMH

Dear Judge Henry:

We represent Plaintiffs (collectively "GEICO" or "Plaintiffs") in the above referenced matter. Pursuant to Local Rule 37.3(c), GEICO respectfully submits this letter motion seeking an Order enforcing subpoenas *duces tecum* Plaintiffs served on non-parties New York Billing and Processing Corp. ("NY Billing"), Blue Tech Supplies Inc. ("Blue Tech"), Sunstone Services Inc. ("Sunstone"), Romgo Tech Service, Inc. ("Romgo"), and Seaview Services Inc. ("Seaview")(collectively, the "Subpoenaed Entities"). Copies of the pertinent subpoenas and affidavits of service are annexed hereto as Exhibit "1". The subpoenas seek documents regarding the Subpoenaed Entities' involvement with Defendants Elena Borisnova Stybel, D.O. ("Stybel") and Elena Borisovna Stybel, M.D. (A Sole Proprietorship) ("Stybel Practice") which are relevant to GEICO's allegations in its Complaint and aid in identifying the John Doe Defendants. The subpoenas directed NY Billing and Blue Tech to produce documents by August 25, 2022, Sunstone to produce documents by September 30, 2022, and Romgo and Seaview to produce documents by November 3, 2022. The Subpoenaed Entities failed to produce documents and failed to contact Plaintiffs' counsel to request an extension of time to comply. Romgo and Seaview also failed to respond to the letters annexed hereto as Exhibit "2".

By way of background, this case stems from a massive No-Fault insurance fraud scheme committed by Stybel and the John Doe Defendants, who used the Stybel Practice to submit more than $2.5 million of fraudulent billing seeking reimbursement for the medically unnecessary extracorporeal shockwave therapy ("ESWT") that Stybel purported to perform at more than 35 locations in less than three months. GEICO's records show it was impossible for Stybel to perform the ESWT as Stybel could not have treated 660 separate patients on behalf of the Stybel Practice, including at more than 35 locations – and many times, more than ten locations in a single day – primarily located in Bronx, Queens, and Brooklyn when Stybel operated another medical practice in Suffolk County during the same time-period. See ECF 1 at ¶¶ 2, 40, 45, 67, 68.

GEICO issued the subpoenas requesting documents that are relevant to GEICO's allegations in its Complaint and aid in identifying the John Doe Defendants referenced in the Complaint, including those that profited from the

66 South Pearl Street, 11th Floor    25 Main Street                       477 Madison Avenue              2649 South Road
Albany, NY 12207-1533               Court Plaza North, Suite 501         New York, NY 10022-5843         Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199       Hackensack, NJ 07601-7082            T 212.455.9555 F 212.687.9044   T 845.473.8100 F 845.473.8777
                                     T 201.287.2460 F 201.489.0495

RIVKIN RADLER LLP

December 6, 2022
Page 2

fraudulent scheme. The subpoenas sought documents that directly relate to the Subpoenaed Entities involvement with the Defendants and are temporally limited to the same time-period as the fraud identified in the Complaint. The subpoenaed documents include: (i) documents identifying the owners and operators of the Subpoenaed Entities; (ii) agreements made by the Subpoenaed Entities for or on behalf of the Stybel Practice; (iii) documents relating to the Subpoenaed Entities' involvement in the operations, funding, and/or finances of the Stybel Practice; (iv) documents necessary to determine where the funds related to the Stybel Practice's billing were distributed, and how much of the funds were received by the Subpoenaed Entities; (v) documents identifying goods and/or services provided by the Subpoenaed Entities to the Stybel Practice; (vi) documents involving the recruitment of Stybel and the start of the Stybel Practice; and (vii) documents to determine whether the transactions between the Defendants and the Subpoenaed Entities were arm's length legitimate transactions, or instead were improper arrangements used to illegally own and control the Stybel Practice and/or facilitate kickback payments. Pursuant to Fed. R. Civ. P. 45, a subpoena issued to a non-party is subject to the relevancy requirements of Fed. R. Civ. P. 26(b)(1). See Ford Motor Credit Co. v. Meehan, 2008 U.S. Dist. LEXIS 53192, *12 (E.D.N.Y. July 11, 2008). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Jalayer v. Stigliano, 2016 U.S. Dist. LEXIS 135288 at *2 (E.D.N.Y. Sept. 29, 2016).

### I. The Subpoenas Served on NY Billing, Blue Tech, and Sunstone Should be Enforced

NY Billing, Blue Tech, and Sunstone clearly have relevant documents related to the Stybel Practice's finances and operations. NY Billing is located at 3063 Brighton 8th Street, Floor 2, Brooklyn, New York (the "8th Street Location"). The 8th Street Location is listed in hundreds of Assignment of Benefit forms that were submitted by the Stybel Practice to GEICO, and is principal office of the Stybel Practice identified in a financing agreement received by GEICO pursuant to a subpoena in this case. In response to a subpoena, GEICO also obtained separate identical Payment Directive & Agency Appointment ("Payment Directive") forms issued by the Stybel Practice indicating that Blue Tech and Sunstone would receive all or a portion of the "advance[s]" collected on behalf of the Stybel Practice. A copy of the Payment Directives is annexed hereto as Exhibit "3". Additionally, GEICO has obtained emails provided in response to a subpoena showing that NY Billing communicated with a No-Fault collections law firm on behalf of the Stybel Practice, and directed the law firm to send funds received for billing submitted by the Stybel Practice to Blue Tech and Sunstone. A copy of these emails is annexed hereto as Exhibit "4".

Additionally, none of these entities have any indicia of a legitimate business. Blue Tech and Sunstone are registered to the same residential Manhattan apartment, and both were incorporated by Eric Meladze, who plead guilty in 2008 to Conspiracy to Distribute Controlled Substance (Oxycontin) and was sentenced to 57 months in prison followed by three years supervised release. See USA v. Meladze et al., 2:07-cr-00070. NY Billing operates from the 8th Street Location and is purportedly owned and was incorporated by Yana Mironovich ("Mironovich"). A copy of Blue Tech, Sunstone, and NY Billing's Certificate of Incorporation, and Mironovich's LinkedIn profile indicating she is the owner of NY Billing are all annexed hereto as Exhibit "5". NY Billing and Mironovich were recently named as defendants in a highly analogous no-fault insurance fraud action where it is alleged NY Billing and Mironovich are known in the no-fault industry as "processors" who (i) established relationships with laypersons that are associated with no-fault clinics where ESWT is provided; (ii) collected the paperwork from the clinics for ESWT; and (iii) and used the name and signature

RIVKIN RADLER LLP

December 6, 2022
Page 3

of a medical doctor and ESWT practice to have the billing for the ESWT "funded" through John Doe Defendants so that they could receive advances against the value of the collections on the bills for ESWT submitted to GEICO. See Gov't Emples. Ins. Co., et al. v. Vine, et al., Case No. 1:22-cv-02965-EK-LB.[1]

Clearly, NY Billing, Blue Tech, and Sunstone possess documents and records that directly relate to the operation of the Stybel Practice, and Blue Tech and Sunstone's profit from the operations of the Stybel Practice, which is central to the fraud and RICO conspiracy alleged in the Complaint and can aid in identifying the John Doe Defendants. See ECF 1 at ¶¶ 9-11; 18, 56-58.

## II. Romgo and Seaview

Similarly, Romgo and Seaview have relevant documents related to the Fraudulent Services purportedly provided by the Stybel Practice and the independent contractor allegations in the Complaint. Romgo and Seaview both received thousands of dollars in payments from Stybel, through a company owned by Stybel called Evergreen & Remegone LLC ("Evergreen") for purported "tech" services. In fact, Evergreen received monies from a funding company as advances on some of the ESWT billed through the Stybel Practice. A copy of checks issued by Evergreen to Romgo and Seaview and documents provided by this funding company demonstrating Evergreen was wired funds are annexed hereto as Exhibit "6". What is more, based on documents received and communications between Plaintiffs and another "tech" company paid by Evergreen, Evergreens payments to "tech" companies were for technicians - who were paid as independent contractors - to perform services on behalf of the Stybel Practice, and Mironovich coordinated with these technicians to schedule the ESWT purportedly provided by the Stybel Practice. As such, it is extremely likely that Romgo and Seaview were paid by Stybel to provide independent contractors that performed similar technician services and communicated with Mironovich on behalf of the Stybel Practice. Clearly, Romgo and Seaview possess records relevant to the Stybel Practice's operations and GEICO's independent contractor allegations.

Courts in this district have consistently enforced subpoenas served on non-parties who fail to offer a sufficient excuse for non-compliance. See, e.g., Gov't Emples Ins. Co. v. Relief Medical, P.C., at al., No. 20-cv-2165 (MKB)(LB), (E.D.N.Y. Jan. 4, 2021) (in highly analogous no-fault insurance fraud action, permitting discovery of documents from non-party where plaintiff-insurer demonstrated financial connections between non-party and defendants); Gov't. Emples. Ins. Co., et. al. v. Weinberger, D.C., et al., Dkt. No. 1:18-cv-06641(NGG)(RER) (E.D.N.Y.), at July 29, 2019 Order (ordering non-party to comply with subpoena); Gov't Emples Ins. Co. v. Mayzenberg, No. 17-cv-2802 (ILG)(LB), 2018 WL 10517074 (E.D.N.Y. June 29, 2018); Freund v. Weinstein, 2009 U.S. Dist. LEXIS 109387 (E.D.N.Y. 2009).

Accordingly, given the relevance of the documents sought to Plaintiffs' claims in this case, Plaintiffs respectfully request the Court issue an Order: (i) directing each of the Subpoenaed Entities to produce responsive documents within 14 days; and (ii) indicating that failure to produce responsive documents and/or a response to the subpoena will result in sanctions, including a possible contempt order.

---

[1] Notably, in the Vine case, NY Billing defaulted and Mironovich invoked her Fifth Amendment right against self-incrimination in response to all of Plaintiffs' Document Requests and Interrogatories.

RIVKIN RADLER LLP

December 6, 2022
Page 4

We thank the Court for its time and continuing attention to this matter.

                                                                                   Respectfully submitted,

                                                                                  RIVKIN RADLER LLP
                                                                                   */s/ Michael Vanunu*
                                                                                  Michael Vanunu

cc:      All counsel via ECF

**<u>Via Regular Mail</u>**

New York Billing and Processing Corp.
1829 E 13 Street, Suite 1-A
Brooklyn, New York 11229

Blue Tech Supplies Inc.
280 Mulberry Street, 1A
New York, New York 10012

Sunstone Services Inc.
280 Mulberry Street, 1A
New York, New York 10012

Romgo Tech Service Inc.
1680 East 22nd Street, Apt. 205
Brooklyn, New York 11229

Seaview Services Inc.
125 Beach 124th Street, Apt. 2J
Bell Harbor, New York 11694