AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       New York Billing and Processing Corp.
          1829 E 13 Street, Suite 1-A, Brooklyn, New York 11229

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Attached Rider "A"

| Place: Rivkin Radler LLP<br>      926 RXR Plaza<br>      Uniondale, New York 11556 | Date and Time:<br>      10/26/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/03/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Garin Scollan |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs,
Government Employees Insurance Company, et al.   , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____ _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

<u>Time Period</u>: July 1, 2021 to the Present

<u>Persons and Entities at Issue</u>:

1. Elena Borisovna Stybel, M.D. (A Sole Proprietorship), Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship"); and

2. Elena Borisovna Stybel, M.D. ("Stybel").

<u>Definitions</u>:

The term "You" or "Your" means New York Billing and Processing Corp. and any of its owners, members, shareholders, representatives, employees, agents, successors, and assigns, including but not limited to Yana Mironovich.

The term "Persons at Issue" means the Stybel Sole Proprietorship and Stybel.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all electronic mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications.

The term "related to" means concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

The term "Insurance Payments" means any payments made by an insurance company.

The term "payment" means anything of value.

<u>ITEMS REQUESTED</u>:

For the time period identified above, provide:

1. All documents concerning Your ownership, sale or transfer of any ownership in You, incorporation, formation, or start-up, including any operating agreements.

2. All documents, contracts, and agreements, including all schedules and attachments, between You and/or shared between You and (i) any of the Persons at Issue; (ii) Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, L.L.P. ("Abrams Fensterman") and/or Law Offices of Gabriel & Moroff, P.C. ("Gabriel Moroff") that are related to or concern any of the Persons at Issue; (iii) Family Fund Capital LLC (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (iv) Blue Tech Supplies Inc. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (v) Sunstone Services Inc. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or (vi) Evergreen & Remegone LLC (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue.

3. All written communications between You and (i) any of the Persons at Issue; (ii) Abrams Fensterman and/or Gabriel Moroff (including any of the firms' attorneys or individuals acting on their behalf) that are related to or concern any of the Persons at Issue; (iii) Family Fund Capital LLC (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (iv) Blue Tech Supplies Inc. (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (v) Sunstone Services Inc. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or (vi) Evergreen & Remegone LLC (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue.

4. All documents related to or reflecting any goods and/or services provided or performed by You, or utilized by You in providing any goods and/or services, to, for, or on behalf of any of the Persons at Issue. This requests includes, but is not limited to, all applications, bills, invoices, reports, statements, applications, medical reports, requests for payment, direction letters, payment directives, attorney escrow agreements, retainer agreements, and any documents, created by You, or at Your direction, for the benefit of any of the Persons at Issue.

5. All documents reflecting payments made to You in exchange for any goods and/or services provided to, for, or on behalf of any of the Persons at Issue, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

6. All documents related to any advertisements for employment listed on Indeed, Craig's List, or any other website for job listings placed through You or listing You as the contact person related to the Persons at Issue.

7. All documents relating to monies You provided to (i) any of the Persons at Issue, (ii) to any third-party related to any agreements between You and any of the Persons at Issue, and/or (iii) any third-party related to any Insurance Payments that relate to or concern any of the Persons at Issue. This request should be construed to include payments made in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

8. All documents relating to monies received by You from any source (including Insurance Payments) in relation to any agreements between You and any of the Persons at Issue. This request should be construed to include payments received in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs Government Employees Insurance Co., et al., who issues or requests this subpoena, is: Michael Vanunu, Esq., Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, (516) 357-3337, Michael.vanunu@rivkin.com.

5847200.v1

**AFFIDAVIT OF SERVICE**

UNITED STATES DISTRICT COURT FOR THE
   EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.

INDEX #:
1:22-CV-02834(PKC)(MMH)

      Plaintiff(s)
      Petitioner(s)

- against -

RETURN DATE:
10/26/22 @ 10:00AM

STYBEL, ET AL.

      Defendant(s)
      Respondent(s)

ATTORNEY FILE#:
5100-3539

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 10/04/2022, 11:02AM at 2716 ARKANSAS DRIVE, BROOKLYN, NY 11234, deponent served a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on NEW YORK BILLING AND PROCESSING CORP., a witness in the above action.

By delivering to and leaving with YANA MARINOVICH A/K/A YANA LEVKOWICH at the above address and that he knew the person so served to be the managing agent of the corporation.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F   Approximate age 32   Approximate height 5'05"   Approximate weight 127   Color of skin WHITE   Color of hair BROWN   Other
ACCENT & NY LICENSE PLATE #S: KHB3476, JBD6570 &   JLD1958

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY 11556-0926
(516)357-3000

*Tony Conigliaro*
TONY CONIGLIARO
License # 1220476

Sworn to before me on 10/05/2022
MAUREEN MCCAFFREY NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

NY BI CLYING AND PROCESSING  LOJ # 5788 35



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Blue Tech Supplies Inc.
              280 Mulberry Street, 1A, New York, New York 10012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Attached Rider "A"

| Place: Rivkin Radler LLP | Date and Time: |
|---|---|
| 926 RXR Plaza | |
| Uniondale, New York 11556 | 08/25/2022 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/03/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Garin Scollan |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs, Government Employees Insurance Company, et al.                          , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

Time Period: July 1, 2021 to the Present

Persons and Entities at Issue:

1.  Elena Borisovna Stybel, M.D. (A Sole Proprietorship),  Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship"); and

2.  Elena Borisovna Stybel, M.D. ("Stybel").

Definitions:

The term "You" or "Your" means Blue Tech Supplies Inc. and any of its owners, members, shareholders, representatives, employees, agents, successors, and assigns.

The term "Persons at Issue" means the Stybel Sole Proprietorship and Stybel.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all paper and electronic form of e-mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications

The term "related to" means concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

The term "Insurance Payments" means any payments made by an insurance company.

The term "payment" means anything of value.

ITEMS REQUESTED:

For the time period identified above, provide:

1.  All documents concerning Your ownership, sale or transfer of any ownership in You, incorporation, formation, or start-up, including any operating agreements.

2. All documents, contracts, and agreements, including all schedules and attachments, between You and/or shared between You and (i) any of the Persons at Issue; (ii) Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, L.L.P. ("Abrams Fensterman") and/or Law Offices of Gabriel & Moroff, P.C. ("Gabriel Moroff") that are related to or concern any of the Persons at Issue; (iii) Yana Mironovich and/or New York Billing and Processing Corp. (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or; (iv) Family Fund Capital LLC (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue.

3. All written communications between You and (i) any of the Persons at Issue; (ii) Abrams Fensterman and/or Gabriel Moroff (including any of the firms' attorneys or individuals acting on their behalf) that are related to or concern any of the Persons at Issue; (iii) Yana Mironovich and/or New York Billing and Processing Corp. (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or (iv) Family Fund Capital LLC (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue.

4. All documents related to or reflecting any goods and/or services provided or performed by You, or utilized by You in providing any goods and/or services, to, for, or on behalf of any of the Persons at Issue. This request includes, but is not limited to, all applications, bills, invoices, reports, statements, applications, medical reports, requests for payment, direction letters, payment directives, attorney escrow agreements, retainer agreements, and any documents, created by You, or at Your direction, for the benefit of any of the Persons at Issue.

5. All documents reflecting payments made to You in exchange for any goods and/or services provided to, for, or on behalf of any of the Persons at Issue, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

6. All documents related to any advertisements for employment listed on Indeed, Craig's List, or any other website for job listings placed through You or listing You as the contact person related to the Persons at Issue.

7. All documents relating to monies You provided to (i) any of the Persons at Issue, (ii) to any third-party related to any agreements between You and any of the Persons at Issue, and/or (iii) any third-party related to any Insurance Payments that relate to or concern any of the Persons at Issue. This request should be construed to include payments made in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

8. All documents relating to monies received by You from any source (including Insurance Payments) in relation to any agreements between You and any of the Persons at Issue. This request should be construed to include payments received in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs Government Employees Insurance Co., et al., who issues or requests this subpoena, is: Michael Vanunu,

Esq., Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, (516) 357-3337, Michael.vanunu@rivkin.com.

UNITED STATES DISTRICT COURT FOR THE
    EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.

INDEX #:
1:22-CV-02834(PKC)(MMH)

Plaintiff(s)
Petittioner(s)

- against -

STYBEL, ET AL.

RETURN DATE:
8/25/22 @ 10:00AM

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
5100-3539

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

STEFPHANIE CORLEONE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 08/09/2022, 03:55PM at 99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY NY 12231, deponent served a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on BLUE TECH SUPPLIES INC., a witness in the above action.

Deponent served NANCY DOUGHERTY, an employee with the NEW YORK Secretary of State, with 2 copies of the above described papers and a fee of $40.00, pursuant to section 306B of the NY BUSINESS CORPORATION LAW.

Deponent completed service by depositing a copy of the above described papers in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of NEW YORK, on 08/09/2022 addressed to witness BLUE TECH SUPPLIES INC. at 280 MULBERRY STREET, 1A, NEW YORK, NY 10012 with the envelope bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the witness, BLUE TECH SUPPLIES INC..

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F    Approximate age 60    Approximate height 5'03"    Approximate weight 123    Color of skin WHITE    Color of hair BROWN

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY  11556-0926
(516)357-3000

Stefphanie Corleone
STEFPHANIE CORLEONE

Sworn to before me on 08/13/2022
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025



UNITED STATES
POSTAL SERVICE®

Certificate Of Mailing

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: 11 Personal and Confidential
P.O. Box 410
Mineola, NY 11501

To: Blue Tech Supplies Inc.
280 Mulberry Street
IA
New York, New York 10012

ALBANY MAIN OFFICE
AUG 09 2022
Postmark Here
12207 USPS

To pay fee, affix stamps or
meter postage here

PS Form 3817, April 2007 PSN 7530-02-000-9065

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Sunstone Services Inc.
           280 Mulberry Street, 1A, New York, New York 10012

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
           See Attached Rider "A"

| Place: Rivkin Radler LLP | Date and Time: |
|---|---|
| 926 RXR Plaza | |
| Uniondale, New York 11556 | 10/26/2022 10:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/03/2022

CLERK OF COURT

                                          OR                      /s/ Garin Scollan

_____                    _____
_Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_        Plaintiffs, Government Employees Insurance Company, et al.                            , who issues or requests this subpoena, are:
Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                 _____
                                            *Printed name and title*

                                 _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

Time Period: July 1, 2021 to the Present

Persons and Entities at Issue:

1.   Elena Borisovna Stybel, M.D. (A Sole Proprietorship),  Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship"); and

2.   Elena Borisovna Stybel, M.D. ("Stybel").

Definitions:

The term "You" or "Your" means Sunstone Services Inc. and any of its owners, members, shareholders, representatives, employees, agents, successors, and assigns.

The term "Persons at Issue" means the Stybel Sole Proprietorship and Stybel.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all paper and electronic form of e-mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications

The term "related to" means concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

The term "Insurance Payments" means any payments made by an insurance company.

The term "payment" means anything of value.

ITEMS REQUESTED:

For the time period identified above, provide:

1. All documents concerning Your ownership, sale or transfer of any ownership in You, incorporation, formation, or start-up, including any operating agreements.

2. All documents, contracts, and agreements, including all schedules and attachments, between You and/or shared between You and (i) any of the Persons at Issue; (ii) Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, L.L.P. ("Abrams Fensterman") and/or Law Offices of Gabriel & Moroff, P.C. ("Gabriel Moroff") that are related to or concern any of the Persons at Issue; (iii) Yana Mironovich and/or New York Billing and Processing Corp. (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (iv) Family Fund Capital LLC (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (v) Blue Tech Supplies Inc. (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or (vi) Evergreen & Remegone LLC (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue.

3. All written communications between You and (i) any of the Persons at Issue; (ii) Abrams Fensterman and/or Gabriel Moroff (including any of the firms' attorneys or individuals acting on their behalf) that are related to or concern any of the Persons at Issue; (iii) Yana Mironovich and/or New York Billing and Processing Corp. (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (iv) Family Fund Capital LLC (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; (v) Blue Tech Supplies Inc. (including any individual acting on its behalf) that are related to or concern any of the Persons at Issue; and/or (vi) Evergreen & Remegone LLC (or any individual acting on its behalf) that are related to or concern any of the Persons at Issue.

4. All documents related to or reflecting any goods and/or services provided or performed by You, or utilized by You in providing any goods and/or services, to, for, or on behalf of any of the Persons at Issue. This request includes, but is not limited to, all applications, bills, invoices, reports, statements, applications, medical reports, requests for payment, direction letters, payment directives, attorney escrow agreements, retainer agreements, and any documents, created by You, or at Your direction, for the benefit of any of the Persons at Issue.

5. All documents reflecting payments made to You in exchange for any goods and/or services provided to, for, or on behalf of any of the Persons at Issue, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

6. All documents related to any advertisements for employment listed on Indeed, Craig's List, or any other website for job listings placed through You or listing You as the contact person related to the Persons at Issue.

7. All documents relating to monies You provided to (i) any of the Persons at Issue, (ii) to any third-party related to any agreements between You and any of the Persons at Issue, and/or (iii) any third-party related to any Insurance Payments that relate to or concern any of the Persons at Issue. This request should be construed to include payments made in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

8. All documents relating to monies received by You from any source (including Insurance Payments) in relation to any agreements between You and any of the Persons at Issue. This request

should be construed to include payments received in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

The name, address, e-mail address, and telephone number of the attorney representing Plaintiffs Government Employees Insurance Co., et al., who issues or requests this subpoena, is: Michael Vanunu, Esq., Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, (516) 357-3337, Michael.vanunu@rivkin.com.

5976241.v1

**AFFIDAVIT OF SERVICE**

UNITED STATES DISTRICT COURT FOR THE
   EASTERN DISTRICT OF NEW YORK

INDEX #:
1:22-CV-02834(PKC)(MMH)

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.

Plaintiff(s)
Petititioner(s)

RETURN DATE:
10/26/2022 @ 10:00AM

- against -

STYBEL, ET AL.

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
5100-3539

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

STEPHANIE CORLEONE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 10/07/2022, 02:30PM at 99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY NY 12231, deponent served a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on SUNSTONE SERVICES INC., a witness in the above action.

Deponent served NANCY DOUGHERTY, an employee with the NEW YORK Secretary of State, with 2 copies of the above described papers and a fee of $40.00, pursuant to section 306B of the NY BUSINESS CORPORATION LAW.

Deponent completed service by depositing a copy of the above described papers in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of NEW YORK, on 10/07/2022 addressed to witness SUNSTONE SERVICES INC. at 280 MULBERRY STREET, #1A, NEW YORK, NEW YORK 10012 with the envelope bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the witness, SUNSTONE SERVICES INC..

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F   Approximate age 59   Approximate height 5'03"   Approximate weight 140   Color of skin WHITE   Color of hair BROWN

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY 11556-0926
(516)357-3000

*Stephanie Corleone*
STEPHANIE CORLEONE

Sworn to before me on 10/12/2022
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Romgo Tech Service Inc.
              1680 East 22nd Street, Apt. 205, Brooklyn, New York 11229

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
              See Attached Rider "A"

| Place: Rivkin Radler LLP | Date and Time: |
|---|---|
| 926 RXR Plaza Uniondale, New York 11556 | 11/03/2022 10:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/12/2022

CLERK OF COURT

                              OR

_____          /s/ Garin Scollan
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiffs,
Government Employees Insurance Company, et al.    , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

<u>Time Period</u>: July 1, 2021 to the Present

<u>Persons and Entities at Issue</u>:

1. Elena Borisovna Stybel, M.D. (A Sole Proprietorship),  Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship");

2. Elena Borisovna Stybel, D.O. ("Stybel"); and

3. Evergreen & Remegone LLC ("Evergreen").

<u>Definitions</u>:

The term "Romgo" means Romgo Tech Service Inc. and any of its owners, members, shareholders, representatives, employees, agents, successors, assigns, and/or any individual or entity acting on its behalf.

The term "Persons at Issue" means the Stybel Sole Proprietorship, Stybel, and/or Evergreen, including any individual or entity acting on their behalf.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Romgo's possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all paper and electronic form of e-mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications

The term "payment" means anything of value.

<u>Categories:</u>              For the time period identified above:

1. All agreements or contracts (including all schedules and exhibits) between Romgo and any of the Persons at Issue.

2. All written communications, including but not limited to letters, emails, text messages, and/or facsimile transmissions, between Romgo and any of the Persons at Issue.

3. All documents reflecting payments made by any of the Persons at Issue to Romgo, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

4. All documents reflecting or demonstrating any services performed or provided by Romgo to, for, or on behalf of any of the Persons at Issue.

5. All W-2s, 1099s, or proof of payment for any individual and/or entity that performed or provided services for or on behalf of Romgo to any of the Persons at Issue, including but not limited to any technician services provided by Romgo for or on behalf of any of the Persons at Issue.

**Please contact Rivkin Radler LLP, c/o Garin Scollan, Esq. with any questions at (516) 357-3372 or <u>garin.scollan@rivkin.com</u>.**

6022049.v1

**AFFIDAVIT OF SERVICE**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.

INDEX #:
1:22-CV-02834(PKC)(MMH)

Plaintiff(s)
Petittioner(s)

RETURN DATE:
11/3/2022 @ 10:00AM

- against -

STYBEL, ET AL.

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
5100-3539

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

STEFPHANIE CORLEONE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 10/20/2022, 03:50PM at 99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY NY 12231, deponent served a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on ROMGO TECH SERVICE INC NAMED HEREIN AS ROMGO TECH SERVICE INC., a witness in the above action.

Deponent served SUE ZOUKY, an employee with the NEW YORK Secretary of State, with 2 copies of the above described papers and a fee of $40.00, pursuant to section 306B of the NY BUSINESS CORPORATION LAW.

Deponent completed service by depositing a copy of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND NOTICE OF SERVICE in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office  in the State of NEW YORK, on 10/21/2022 addressed to witness ROMGO TECH SERVICE INC NAMED HEREIN AS ROMGO TECH SERVICE INC. at 1680 EAST 22ND STREET, APARTMENT 205, BROOKLYN, NEW YORK 11229 with the envelope bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the witness, ROMGO TECH SERVICE INC NAMED HEREIN AS ROMGO TECH SERVICE INC.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F   Approximate age 54   Approximate height 5'05"   Approximate weight 170   Color of skin WHITE   Color of hair BLONDE

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY  11556-0926
(516)357-3000

_Stefphanie Corleone_
STEFPHANIE CORLEONE

Sworn to before me on 10/25/2022
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

**UNITED STATES**
**POSTAL SERVICE®**                    **Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: "Personal and Confidential"
PO Box 470
Mineola, NY 11501

To: Rom90 Tech Service Inc.
1680 East 22nd Street
Apt 205
Brooklyn, New York 11229

To pay fee, affix stamps or
meter postage here

Postmark Here

ALBANY
MAIN OFFICE
OCT 21 2022
12207 USPS

PS Form **3817**, April 2007  PSN 7530-02-000-9065

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| Government Employees Insurance Company, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Seaview Services Inc.
To:     125 Beach 124th Street, Apt. 2J, Bell Harbor, New York 11694

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      See Attached Rider "A"

| Place: Rivkin Radler LLP <br> 926 RXR Plaza <br> Uniondale, New York 11556 | Date and Time: <br><br> 11/03/2022 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/12/2022

|               *CLERK OF COURT*               |       OR       |                            |
|---|---|---|
| | | /s/ Garin Scollan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs,
Government Employees Insurance Company, et al.                                     , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____  for travel and $ _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

<u>Time Period</u>: July 1, 2021 to the Present

<u>Persons and Entities at Issue</u>:

1. Elena Borisovna Stybel, M.D. (A Sole Proprietorship),  Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship");

2. Elena Borisovna Stybel, D.O. ("Stybel"); and

3. Evergreen & Remegone LLC ("Evergreen").

<u>Definitions</u>:

The term "Seaview" means Seaview Services Inc. and any of its owners, members, shareholders, representatives, employees, agents, successors, assigns, and/or any individual or entity acting on its behalf.

The term "Persons at Issue" means the Stybel Sole Proprietorship, Stybel, and/or Evergreen, including any individual or entity acting on their behalf.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Seaview's possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all paper and electronic form of e-mail, text messages, discussions, conversations, meetings, conferences, including telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications

The term "payment" means anything of value.

<u>Categories:</u>        For the time period identified above:

1. All agreements or contracts (including all schedules and exhibits) between Seaview and any of the Persons at Issue.

2. All written communications, including but not limited to letters, emails, text messages, and/or facsimile transmissions, between Seaview and any of the Persons at Issue.

3. All documents reflecting payments made by any of the Persons at Issue to Seaview, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

4. All documents reflecting or demonstrating any services performed or provided by Seaview to, for, or on behalf of any of the Persons at Issue.

5. All W-2s, 1099s, or proof of payment for any individual and/or entity that performed or provided services for or on behalf of Seaview to any of the Persons at Issue, including but not limited to any technician services provided by Seaview for or on behalf of any of the Persons at Issue.

**Please contact Rivkin Radler LLP, c/o Garin Scollan, Esq. with any questions at (516) 357-3372 or <u>garin.scollan@rivkin.com</u>.**

**AFFIDAVIT OF SERVICE**

UNITED STATES DISTRICT COURT FOR THE
   EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL. | INDEX #:<br>1:22-CV-02834(PKC)(MMH) |
|       Plaintiff(s)<br>      Petitioner(s) | |
|    - against - | RETURN DATE:<br>11/3/2022 @ 10:00AM |
| STYBEL, ET AL. | |
|       Defendant(s)<br>      Respondent(s) | ATTORNEY FILE#:<br>5100-3539 |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

STEFPHANIE CORLEONE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 10/20/2022, 03:50PM at 99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY NY 12231, deponent served a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on SEAVIEW SERVICES INC., a witness in the above action.

Deponent served SUE ZOUKY, an employee with the NEW YORK Secretary of State, with 2 copies of the above described papers and a fee of $40.00, pursuant to section 306B of the NY BUSINESS CORPORATION LAW.

Deponent completed service by depositing a copy of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND NOTICE OF SERVICE in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office  in the State of NEW YORK, on 10/21/2022 addressed to witness SEAVIEW SERVICES INC. at 125 BEACH 124TH STREET, APARTMENT 2J, BELL HARBOR, NEW YORK 11694 with the envelope bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the witness, SEAVIEW SERVICES INC.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F    Approximate age 54    Approximate height 5'05"    Approximate weight 170    Color of skin WHITE    Color of hair BLONDE

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY  11556-0926
(516)357-3000

         _Stephanie Corleone_
         STEFPHANIE CORLEONE

Sworn to before me on 10/25/2022
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

**UNITED STATES POSTAL SERVICE** ®

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: "Personal and Confidential"
PO Box 470
Mineola, NY 11501

To: Seaview Services Inc.
125 Beach 124th Street
Apt 2J
Bell Harbor, New York 11694

Postmark Here

OCT 2 2022
ALBANY NY MAIN OFFICE

PS Form **3817**, April 2007  PSN 7530-02-000-9065