

**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**GARIN SCOLLAN**
(516) 357-3565
carissa.danesi@rivkin.com

November 9, 2022

**OVERNIGHT FEDEX**
Olesya Grechishkina
1680 East 22nd Street, Apt. 205
Brooklyn, New York 11229

Re:   *Government Employees Ins. Company, et al. v. Stybel, et al.*
      Case No. 1:22-cv-02834-PKC-MMH
      RR File No.: 005100-03539

Dear Ms. Grechishkina:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. We are attempting to reach you in good faith regarding Romgo Tech Service, Inc.'s ("Romgo") non-compliance with the outstanding subpoena. See Exhibit 1.

On October 20, 2022, Romgo was served with a subpoena for production of various documents relating to Elena Borisovna Stybel, M.D., Elena Borisovna Stybel, D.O., and Evergreen & Remegone LLC. As you may know, you are listed as the Incorporator on Romgo's Certificate of Incorporation. See Exhibit 2.

Romgo was due to deliver documents in response to the outstanding subpoena to our attention on or before November 3, 2022. However, Romgo did not produce any documents, nor did Romgo respond in any way seeking an extension of time to respond to the subpoena.

This letter shall constitute Plaintiffs' good faith attempt to resolve this matter without need for intervention from the Court. Please contact the undersigned at (516) 357-3000 to discuss Romgo's compliance with the subpoena. If we do not hear from you on or before November 15, 2022, we will have no choice but to seek an Order from the Court compelling Romgo's compliance.

Very truly yours,
RIVKIN RADLER LLP

*Garin Scollan*

Garin Scollan

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

# **EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Government Employees Insurance Company, et al. | )
) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-cv-02834(PKC)(MMH) |
| Stybel, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Romgo Tech Service Inc.
1680 East 22nd Street, Apt. 205, Brooklyn, New York 11229

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attached Rider "A"

| Place: Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556 | Date and Time:
11/03/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2022

CLERK OF COURT
OR
/s/ Garin Scollan

_____              _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiffs,__ Government Employees Insurance Company, et al._____, who issues or requests this subpoena, are:
Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

Time Period: July 1, 2021 to the Present

Persons and Entities at Issue:

1. Elena Borisovna Stybel, M.D. (A Sole Proprietorship), Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship");

2. Elena Borisovna Stybel, D.O. ("Stybel"); and

3. Evergreen & Remegone LLC ("Evergreen").

Definitions:

The term "Romgo" means Romgo Tech Service Inc. and any of its owners, members, shareholders, representatives, employees, agents, successors, assigns, and/or any individual or entity acting on its behalf.

The term "Persons at Issue" means the Stybel Sole Proprietorship, Stybel, and/or Evergreen, including any individual or entity acting on their behalf.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Romgo's possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all paper and electronic form of e-mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications

The term "payment" means anything of value.

<u>Categories:</u>       For the time period identified above:

1. All agreements or contracts (including all schedules and exhibits) between Romgo and any of the Persons at Issue.

2. All written communications, including but not limited to letters, emails, text messages, and/or facsimile transmissions, between Romgo and any of the Persons at Issue.

3. All documents reflecting payments made by any of the Persons at Issue to Romgo, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

4. All documents reflecting or demonstrating any services performed or provided by Romgo to, for, or on behalf of any of the Persons at Issue.

5. All W-2s, 1099s, or proof of payment for any individual and/or entity that performed or provided services for or on behalf of Romgo to any of the Persons at Issue, including but not limited to any technician services provided by Romgo for or on behalf of any of the Persons at Issue.

**Please contact Rivkin Radler LLP, c/o Garin Scollan, Esq. with any questions at (516) 357-3372 or <u>garin.scollan@rivkin.com</u>.**

# EXHIBIT 2

# CERTIFICATE OF INCORPORATION
# OF
# ROMGO TECH SERVICE INC

Under Section 402 of the Business Corporation Law

I, the undersigned, a natural person of at least 18 years of age, for the purpose of forming a corporation under Section 402 of the Business Corporation Law of the State of New York hereby certify:

**FIRST:** The name of the corporation is:

**ROMGO TECH SERVICE INC**

**SECOND:** This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

**THIRD:** The county, within this state, in which the office of the corporation is to be located is KINGS.

**FOURTH:** The total number and value of shares of common stock which the corporation shall have authority to issue is: 200 SHARES WITH NO PAR VALUE.

**FIFTH:** The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the corporation served upon him or her is:

THE CORPORATION
1680 EAST 22ND STREET APT 205
BROOKLYN, NY 11229

**SIXTH:** No Director of this corporation shall be personally liable to the corporation, or its shareholders for damages for any breach of duty in such capacity, provided that this provision shall not limit the liability of any director if a judgment or other final adjudication, adverse to him, establishes that his act or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that he personally gained in fact a financial profit or other advantage, to which he was not legally entitled or that his acts violated Section 719 of the New York Business Corporation Law.

I certify that I have read the above statements, I am authorized to sign this Certificate of Incorporation, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

OLESYA GRECHISHKINA (signature)
---
OLESYA GRECHISHKINA, INCORPORATOR
1680 EAST 22ND STREET APT 205
BROOKLYN, NY 11229

**Filed by:**
MAYYA SHNEYDER INC
174 BRIGHTON 11TH ST
BROOKLYN, NY 11235

**FILED WITH THE NYS DEPARTMENT OF STATE ON: 04/17/2020**
**FILE NUMBER: 200417010241; DOS ID: 5739548**

Page 2 of 2



**GARIN SCOLLAN**
(516) 357-3565
carissa.danesi@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

November 9, 2022

**OVERNIGHT FEDEX**
Seaview Services Inc.
125 Beach 124th Street, Apt. 2J
Bell Harbor, New York 11694

Re: *Government Employees Ins. Company, et al. v. Stybel, et al.*
Case No. 1:22-cv-02834-PKC-MMH
RR File No.: 005100-03539

Dear Seaview Service:

We represent Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. We are attempting to reach you in good faith regarding Seaview Services Inc.'s ("Seaview") non-compliance with the outstanding subpoena. See Exhibit 1.

On October 20, 2022, Seaview was served with a subpoena for production of various documents relating to Elena Borisovna Stybel, M.D., Elena Borisovna Stybel, D.O., and Evergreen & Remegone LLC. Seaview was due to deliver documents in response to the outstanding subpoena to our attention on or before November 3, 2022. However, Seaview did not produce any documents, nor did Seaview respond in any way seeking an extension of time to respond to the subpoena.

This letter shall constitute Plaintiffs' good faith attempt to resolve this matter without need for intervention from the Court. Please contact the undersigned at (516) 357-3000 to discuss Seaview's compliance with the subpoena. If we do not hear from you on or before November 15, 2022, we will have no choice but to seek an Order from the Court compelling Seaview's compliance.

Very truly yours,
RIVKIN RADLER LLP

*Garin Scollan*
Garin Scollan

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

Government Employees Insurance Company, et al.
*Plaintiff*
v.
Stybel, et al.
*Defendant*

Civil Action No. 1:22-cv-02834(PKC)(MMH)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Seaview Services Inc.
125 Beach 124th Street, Apt. 2J, Bell Harbor, New York 11694

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attached Rider "A"

| Place: Rivkin Radler LLP<br>926 RXR Plaza<br>Uniondale, New York 11556 | Date and Time:<br>11/03/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Garin Scollan
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, Government Employees Insurance Company, et al. , who issues or requests this subpoena, are:
Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-02834(PKC)(MMH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

<u>Time Period</u>: July 1, 2021 to the Present

<u>Persons and Entities at Issue</u>:

1. Elena Borisovna Stybel, M.D. (A Sole Proprietorship), Tax Identification Number 55-0866407 (the "Stybel Sole Proprietorship");

2. Elena Borisovna Stybel, D.O. ("Stybel"); and

3. Evergreen & Remegone LLC ("Evergreen").

<u>Definitions:</u>

The term "Seaview" means Seaview Services Inc. and any of its owners, members, shareholders, representatives, employees, agents, successors, assigns, and/or any individual or entity acting on its behalf.

The term "Persons at Issue" means the Stybel Sole Proprietorship, Stybel, and/or Evergreen, including any individual or entity acting on their behalf.

The term "document" shall be construed to include any written, recorded, or graphic material, or any other means of preserving thought, expression, or communication, whether handwritten, typed, printed, electronically or otherwise created, including telephone slips and logs, diary entries, calendars, reports, correspondence, memoranda, notes, electronic mail, video tapes, video cartridges, audio tapes, electronic recordings of any kind, photographs, computer tapes, computer diskettes and disks, computer hard drives or servers, and any transcriptions and printouts in Seaview's possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

The term "communication" means all paper and electronic form of e-mail, text messages, discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, facsimile transmissions, telegrams, telexes, voicemails, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, summaries, agenda and other records of any communications

The term "payment" means anything of value.

<u>Categories:</u>    For the time period identified above:

1. All agreements or contracts (including all schedules and exhibits) between Seaview and any of the Persons at Issue.

2. All written communications, including but not limited to letters, emails, text messages, and/or facsimile transmissions, between Seaview and any of the Persons at Issue.

3. All documents reflecting payments made by any of the Persons at Issue to Seaview, including but not limited to canceled checks, bank statements, account ledgers, general ledgers, or cash disbursement journals.

4. All documents reflecting or demonstrating any services performed or provided by Seaview to, for, or on behalf of any of the Persons at Issue.

5. All W-2s, 1099s, or proof of payment for any individual and/or entity that performed or provided services for or on behalf of Seaview to any of the Persons at Issue, including but not limited to any technician services provided by Seaview for or on behalf of any of the Persons at Issue.

**Please contact Rivkin Radler LLP, c/o Garin Scollan, Esq. with any questions at (516) 357-3372 or <u>garin.scollan@rivkin.com</u>.**

6022043.v1