# EXHIBIT "9"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY
and GEICO CASUALTY COMPANY,

                                              Docket No. 22-CV-02834 (PKC-MMH)

       Plaintiffs,

       -against-

ELENA BORISOVNA STYBEL, D.O.,
ELENA BORISOVNA STYBEL, M.D.
(A Sole Proprietorship) and
JOHN DOE DEFENDANTS "1" through "10",

       Defendants.

--------------------------------------------------------x

**DEFENDANT ELENA BORISOVNA STYBEL, D.O. AND ELENA BORISOVNA STYBEL, M.D.'S RESPONSES TO PLAINTIFF GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY AND GEICO CASUALTY COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

      Defendants Elena Borisovna Stybel, D.O. and Elena Borisovna Stybel, M.D. (collectively "Defendants") hereby object and respond to Plaintiff Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively "Plaintiffs") First Request for Production of Documents dated September 22, 2022 (the "Requests"). By providing Defendants' response to Plaintiffs' First Set of Requests for Production and the information contained herein, Defendants do not waive any right, remedy, claim, defense

or objection, nor do the Defendants waive the protection of the Federal Rules of Civil

Procedure generally or the discovery rules or statutory provisions therein.

## **GENERAL OBJECTIONS**

Defendants respond to the Requests, including the instructions and definitions

therein, subject to the general objections set forth below. The objections and responses

contained herein are based on Defendants present knowledge, information and belief.

Defendants reserve the right to amend, revise, correct, supplement and clarify any of the

objections or responses herein.

A.      Defendants object to each Request to the extent that it does not specify a time

period and to the extent it seeks documents or communications which are outside of the

relevant time period for the claims and defenses in this action.

B.      Defendants object to each Request to the extent it seeks documents which are not

in the Defendants possession, custody or control.

C.      Defendants object to each Request to the extent it seeks documents containing

privileged communications, attorneys' work product, consultant work product, or trial

preparation material.

D.      Defendants object to each Request to the extent it seeks documents immaterial,

unnecessary and irrelevant to the claims and defenses in this action and is not reasonably

calculated to reach the discovery of admissible evidence.

E.      Defendants object to each Request to the extent it is overly broad, or otherwise

seeks documents which are unduly burdensome to obtain, public records, are already in

Plaintiffs' possession or are available through Plaintiffs' own efforts.

F.       Defendants object to each Request to the extent that it is ambiguous, vague or otherwise incomprehensible, or otherwise improper in that the demand presupposes matters that have not yet been established.

G.       Defendants object to each Request to the extent Defendants has previously provided information to Plaintiffs through Defendants' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

H.       Defendants object to each Request to the extent it seeks documents already produced by Defendants' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

I.       Defendants object to each Request to the extent it requests documents which are publicly available, already in Plaintiffs' possession and/or are readily available through Plaintiffs' own efforts.

J.       Defendants object to each Request to the extent it contains implications or any explicit or implicit characterization of facts, events, circumstances, or issues, or erroneous or disputed facts or legal conclusions. By responding, Defendants do not adopt or confirm the accuracy of any such implication or characterization of facts, events, circumstances, or issue.

K.       Defendants object to each Request to the extent it is reasonably interpreted to require expert analysis.

In addition to these General Objections, Defendants may make, where appropriate, other specific objections to individual Requests. By setting forth such specific objections, Defendants do not limit or waive the General Objections. To the extent that Defendants respond to a Request to which one or more objections have been asserted, such objections are not waived by Defendants' response.

## **RESERVATION OF RIGHTS**

Defendants reserve the right at any time to recall any inadvertently produced documents to which any privilege or immunity is attached. In producing any document in response to these Requests, Defendants do not waive the benefits of the attorney-client privilege, the work product doctrine, or any other privilege or immunity that may be attached to any document produced or in its possession, custody or control. Defendants reserve the right to supplement the production from time to time in the event that it discovers additional documents responsive to these Requests.

Disclosure of anything marked attorney-client privilege or attorney work-product does not waive the benefits of the attorney-client privilege, the work product doctrine, or any other privilege or immunity that may be attached to any document produced or related document that is not produced.

## **DOCUMENTS AND THINGS DEMANDED**

1.      Documents related to or reflecting any goods or services provided to, for, or on behalf of the Stybel Practice by any of the Third Parties as that term is defined above, or any individual or entity acting on behalf of the Third Parties.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

2.      Communications (including paper and electronic form — i.e., e-mail and text

messages) between You and/or Dr. Stybel and (i) any of the Third Parties, or any

individual or entity acting on behalf of any of the Third Parties; and/or (ii) any other

funding company and/or funding company representative or owner, including but not

limited to Financial Vision Capital Group 2 LLC.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


3.      Leases, contracts, and/or agreements of any kind between You and any of the

Third Parties, or any individual or entity acting on behalf of the Third Parties.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


4.      Documents reflecting any payments exchanged between You and any of the Third

Parties, or any individual or entity acting on behalf of the Third Parties.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


5.      Contracts and agreements, including all associated schedules, attachments and/or

payment directives/authorized agent appointments, between Dr. Stybel and/or the Stybel

Practice and any funding company and/or accounts receivable financing or factoring

company, including, but not limited to (i) any of the Third Parties; or (ii) Financial Vision

Capital Group 2 LLC ("Financial Vision"). This request is construed to include all

promissory notes, bills of sale, and/or other documents concerning the purchase, factor,

transfer, conveyance, lending, and/or assignment of the Stybel Practice's accounts

receivable

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


6.      Agreements, contracts, personal guarantees, notes, bills, invoices, liens, releases,

account statements, and other documents, including all schedules and attachments,

relating to or concerning any funding, loans, and/or line(s) of credit provided to or on

behalf of Dr. Stybel and/or the Stybel Practice by any individual and/or company

including, but not limited to, any of the Third Parties or Financial Vision.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


7.      Documents relating to advances and/or payments made by any funding company

— including but not limited to any of the Third Parties or Financial Vision — to (i) Dr.

Stybel, (ii) the Stybel Practice; and/or (iii) any third-party in relation to or on account of

any agreements between Dr. Stybel and/or the Stybel Practice and a funding company

identified in Request No. 5. This request should be construed to include payments made

in paper form (e.g., checks) or electronic form (e.g., wire transfer or EFT).

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.

8.      Documents relating to monies received by Dr. Stybel or the Stybel Practice from any of the individuals and/or entities identified in Request No. 2. This request should be construed to include payments received from GEICO for the Healthcare Services and all other types of payments to Dr. Stybel and/or the Stybel Practice.

**RESPONSE:** Objection to that portion of the Request which seeks "documents relating to…payments received from GEICO for the Healthcare Services…to Dr. Stybel and/or the Stybel Practice" as unduly burdensome and designed to harass Defendants inasmuch as such documents are already in Claimant's possession, custody and control. Any responsive materials which may be in Defendants' control, custody or possession relating to the remaining portion of the Request are protected by the Act of Production doctrine.


9.      All "Attorney Escrow Agreements", "Business Associate Agreements", letters of direction, and payment directives to which Dr. Stybel and/or the Stybel Practice is a party.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


10.     Federal, New York State and New York City tax returns prepared and/or filed by You, including all attachments and schedules, from January 1, 2021 to the present.

**RESPONSE:**  Subject to the objections and reservation of rights set forth above, all responsive materials in Defendant's control, custody and possession are enclosed.

11.     Federal, New York State, and New York City quarterly payroll tax returns (IRS Form 941 and NYS Form 45-MN) prepared or filed by You, from January 1, 2021 to the present.

**RESPONSE:**  Subject to the objections and reservation of rights set forth above, all responsive materials in Defendant's control, custody and possession are enclosed.

12.     Federal, New York State and New York City personal income tax returns prepared or filed by Dr. Stybel, including all attachments and schedules, from January 1, 2021 to the present.

**RESPONSE:**  Subject to the objections and reservation of rights set forth above, all responsive materials in Defendant's control, custody and possession are enclosed.

13.     K-s, W-2 forms, W-9 forms and 1099 forms issued by Vine Practice or Dr. Stybel to all owners, employees, and persons providing any services to or on behalf of the Stybel Practice.

**RESPONSE:**   Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

14.     K-1 s, W-2s, and 1099s issued to Dr. Stybel by any entity other than the Stybel Practice from January 1, 2021 to the present.

**RESPONSE:**   Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

15.     The Stybel Practice's general ledgers, payroll reports and/or summaries (weekly, quarterly, and/or yearly), and financial statements and related correspondence.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

16.     Dr. Stybel and the Stybel Practice's account payable reports/journals, account receivable reports/journals and cash disbursement reports/journals.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

17.     Bank records for any account (including checking, savings and/or money market) into which funds to, from or concerning the Stybel Practice were deposited or from which said funds were disbursed. This request should be deemed to include all statements, cancelled checks, check registers, signature cards and bank resolutions.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

18.     Bank records for any account (including checking, savings and/or money market) held or maintained by Dr. Stybel since January 1, 2021 to the present. This request should be deemed to include all statements, cancelled checks, check registers, signature cards and bank resolutions.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

19.    Documents relating to any transactions that generated cash or currency to be used in any way in relation to the operation and/or management of the Stybel Practice, including, but not limited to, cash disbursements journals and cash receipts journals.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

20.    Documents sufficient to evidence the ownership of any proprietorships, professional service corporations, partnerships, professional limited liability companies, professional limited liability partnerships, and any other healthcare entity, provider or business that Dr. Stybel has owned, in whole or in part. This request is construed to include documentation sufficient to evidence the ownership of the Stybel Practice.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

21.    Communications between Dr. Stybel or anyone acting on behalf of the Stybel Practice related to or regarding Dr. Stybel or the Stybel Practice's finances or the preparation of any document to be submitted on Your behalf to any government or regulatory agency, including but not limited to the Internal Revenue Service and/or the New York State Department of Taxation and Finance.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

22.     Documents reflecting or relating to all corporate formalities filed by the Stybel

Practice, including, but not limited to, articles of incorporation, articles of organization,

reports filed with state agencies, by-laws, shareholder agreements, membership

agreements, operating agreements, stock certificates, minutes, and resolutions.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


23.     Leases, deeds, agreements, subleases, overleases, mortgage agreements, purchase

agreements, and other agreements, including all schedules and attachments, and proof of

payment thereof, between Dr. Stybel or the Stybel Practice and any other individual or

entity relating to: (i) space or premises; (ii) office equipment; and/or (iii) supplies,

personnel, and/or equipment, utilized by the Stybel Practice in performing the Healthcare

Services.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.


24.     Agreements, promissory notes, bills of sale, and/or other documents concerning

the purchase, factor, transfer, conveyance, lending, and/or assignment of Dr. Stybel or the

Stybel Practice's accounts receivable. This request is construed to include all documents

reflecting payments issued and any repayments made.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or

possession are protected by the Act of Production doctrine.

25.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided operation and/or management services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**<u>RESPONSE:</u>** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


26.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided marketing or advertising services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**<u>RESPONSE:</u>** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


27.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided billing services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person

12

and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


28.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided collection services of account receivables for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


29.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided funding services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

30.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided tax preparation services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

31.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided clerical or administrative services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

32.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided consulting services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


33.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided transportation services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


34.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided health care staffing services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders,

invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

35.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided accounting or bookkeeping services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

36.     Documents and communications between Dr. Stybel and/or the Stybel Practice and all other persons and/or entities that provided legal services for or on behalf of Dr. Stybel and/or the Stybel Practice, and any payments made to or receive from each person and/or entity. This request is construed to include, but is not limited to, e-mails, text messages, written correspondence, agreements, contracts, purchase orders, invoices, and other documents, including schedules and attachments, and proof of payments.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

37.     Documents concerning or reflecting communications between Dr. Stybel and/or the Stybel Practice and any of the Defendants regarding the Stybel Practice.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

38.     Documents concerning or reflecting communications between Dr. Stybel and/or the Stybel Practice and any of the Clinics, landlords, owners of property or lessees of space or the locations from where the Healthcare Services were performed.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

39.     Documents concerning or reflecting communications between Dr. Stybel and/or the Stybel Practice and any Treating Individuals, including but not limited to communications regarding the Healthcare Services provided to insureds or the operation and management of You.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

40.     Documents concerning or reflecting agreements between (i) Dr. Stybel and/or the Stybel Practice and any of the Defendants concerning the Stybel Practice, the Healthcare Services, and/or the Clinics; (ii) any of the Defendants and any other individual and/or entity concerning the Stybel Practice and/or the Healthcare Services.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

41.     Documents reflecting any payment that are related to any of the agreements identified in response to Request No. 37. to or received from any of the Defendants and/or any entity owned or controlled by any of the Defendants.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

42.     Documents concerning or reflecting communications between You and any individuals who performed services, whether Healthcare Services or non-Healthcare Services (e.g., administrative), for or on behalf of the Stybel Practice.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

43.     Telephone records, including but not limited to cellular telephone records for any telephone used to conduct any aspect of the Stybel Practice.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

44.     Documents concerning all policies, procedures, protocols, or rules of any kind promulgated, maintained, or used in connection with Vine Practice, including the rendering of the Healthcare Services.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


45.     Documents concerning the Dr. Stybel and/or the Stybel Practice's marketing efforts and/or creation or cultivation of referral base, including but not limited to catalogues, brochures, forms, and other marketing materials.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


46.     Applications and billing statements for each credit, debit and ATM card issued or used on behalf of the Stybel Practice.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


47.     Documentation identifying each person who performed or is performing the Healthcare Services, including any technicians. For each person identified, provide documentation concerning their qualifications to perform the Healthcare Services, including certification, training, education, licensure, experience, résumé, and/or curriculum vitae.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

48.     Files and documents relating to any Insured who received Healthcare Services performed by or on behalf of You, including, but not limited to, prescriptions, treatment records, notes, work papers, progress notes, charts, files, sign-in sheets, communications and/or any reports summarizing or otherwise discussing such Healthcare Services rendered at the Clinics.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

49.     Documents demonstrating that the Healthcare Services were medically necessary, including but not limited to any research performed, and the supervision of the Healthcare Services.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

50.     Documents, including communications, concerning: (i) any authorization given by Dr. Stybel to any individual or entity to sign or to apply a signature stamp/photocopy of Dr. Stybel's name on any document; and/or (ii) any authorization given by Dr. Stybel to any individual or entity to use Dr. Stybel's personal social security number on any document that has been submitted to GEICO.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

51.     Documents concerning any criminal, disciplinary, administrative, or malpractice investigation or proceeding involving Dr. Stybel or any person or entity that performed any services, including Healthcare Services.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

52.     Professional liability, medical malpractice, unemployment, and comprehensive general liability insurance, or other business insurance policies maintained by You or paid for the benefit of You or any person or entity that provides services for or on behalf of You.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

53.     The personnel file, attendance records, sign-in sheets, timesheets, work schedules, employment contracts, consultant agreements, independent contractor agreements, corporation records, and agreements concerning each individual, including Dr. Stybel, who provided any services for or on behalf of the Stybel Practice. This request includes individuals who performed Healthcare Services or performed non-Healthcare Services (e.g., administrative functions).

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

54.     Attendance records, timesheets, personnel records, W-2 forms, K-1 s, W-9 forms, employment contracts, or corporation records sufficient to demonstrate Dr. Stybel's association and/or employment with any other entity other than the Stybel Practice during the time that Dr. Stybel has been associated with You.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

55.     Documents relating to the creation of and/or revisions to the form of letters of medical necessity, bills (HCFA-1500 or NF-3 forms), or reports concerning any Healthcare Service provided to any insured.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

56.     Reports, summaries, invoices, statements or related documents concerning the Stybel Practice's billing, collection activities, litigation or arbitration activities. This request should be construed to include documents reflecting any attempt to collect charges from anyone, including GEICO, for any Healthcare Service.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

57.     Documents concerning any agreements with any individual or entity that ordered, prescribed, recommended, or referred insureds to Dr. Stybel and/or the Stybel Practice for the Healthcare Services, and documents reflecting any actual or potential financial benefits and/or payments made or received pursuant to such agreements.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


58.     UCC-1 filings and releases concerning any (i) equipment and/or (ii) security interests relating to You.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


59.     Documents concerning the soliciting, interviewing, or hiring of any individuals that provided Healthcare Services or Non-Healthcare Services (e.g., administrative) to or on behalf of You.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


60.     Transcripts of testimony given by Dr. Stybel in connection with any litigation, arbitration, examination under oath, professional disciplinary hearing or proceeding, and/or governmental investigation concerning the Stybel Practice and/or any heath care provider or service, including all documents marked in connection with the testimony.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


61.     Transcripts of any testimony given by any individual in connection with any litigation, arbitration, examination under oath, professional disciplinary hearing or proceeding and/or governmental investigation concerning the Stybel Practice, including all documents marked in connection with the testimony.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


62.     Documents related to each Post Office Box used in connection with the operation and/or management of You.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


63.     Retainer or engagement agreements between Dr. Stybel and/or the Stybel Practice and (i) any of the Third Parties; (ii) Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, L.L.P; and/or (iii) any attorney, individual or entity relating to no-fault legal and/or collection services.

**RESPONSE:**  Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.

64.     Documents concerning protocols for obtaining patient signatures on Assignment of Benefit forms (AOBs) which designate the Stybel Practice as the assignee of benefits.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


65.     Checks, receipts, bills, invoices, purchase orders, vouchers, or other documents that reflect any payment made (i) by the Stybel Practice to any of the Defendants; (ii) to any individual or entity to provide Healthcare Services for or on behalf of You.

**RESPONSE:** Any responsive materials which may be in Defendants' control, custody or possession are protected by the Act of Production doctrine.


66.     Documents identified in Your Rule 26(a)(1) disclosures.

**RESPONSE**:   To the extent any responsive materials exist and are within Defendants' control, custody or possession, they are enclosed.


67.     Documents, to the extent not produced pursuant to other items in these Requests, that You may seek to introduce in evidence at the trial of this action.

**RESPONSE**: Plaintiffs' request for such materials is premature. Defendants shall timely produce such materials in compliance with the Federal Rules of Civil Procedure.


68.     Documents identified in Your response to GEICO's First Set of Interrogatories or reviewed or consulted in connection with preparing answers to GEICO's First Set of Interrogatories.

**RESPONSE:** No responsive documents exist.


Dated: April 20, 2023

Respectfully Submitted,

*John J. Rapawy*

John J. Rapawy, Esq.
900 South Avenue, 3rd Floor
Staten Island, New York 10314
Phone: (917) 860-3420
Facsimile: (718) 568-3550
Email: jjraplaw@gmail.com